WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denice Carol Black,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-01249-PHX-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Denice Carol Black's Applications for Disabled Widow's Insurance and Supplemental Security Income benefits by the Social Security Administration ("Commissioner") under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, "Pl. Br."), Defendant's Response (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the briefs and the Administrative Record (Doc. 13, "R.") and affirms the Administrative Law Judge's ("ALJ") decision.[1]

**I.     BACKGROUND**

Plaintiff filed her applications for benefits on September 19, 2016 and September 30, 2016, respectively, alleging disability because of medical impairments beginning on September 19, 2016. (R. at 339–52.) In 2017, the Commissioner denied both of Plaintiff's

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

applications initially and then again on reconsideration. (R. at 132–33, 182–83.) After denial, Plaintiff filed a written request for a hearing. (R. at 277.) In April 2019, Plaintiff appeared and testified at an administrative hearing before an ALJ. (R. at 42–66.) After considering whether Plaintiff has been disabled since September 19, 2016, the ALJ denied Plaintiff's applications. (R. at 20–33.) On April 24, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (R. at 1–6.) Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The pertinent medical evidence will be discussed in addressing the issues raised by Plaintiff. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: cervical and lumbar degenerative disc diseases, bilateral knee osteoarthritis status post total right knee arthroplasty, bilateral shoulder osteoarthritis, left hip bursitis, and obesity. (R. at 24.) In evaluation, the ALJ reviewed the entire record, including medical records, clinical findings, treatment history, and statements by Plaintiff, Plaintiff's treating provider, State agency reviewing consultants, consultive examiners, and Plaintiff's family and friends. (R. at 24–32.)

The ALJ also found that Plaintiff had "mild" mental impairments, and concluded that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Plaintiff can lift and carry ten pounds occasionally. (R. at 25–27.) The ALJ also determined that Plaintiff can stand and walk for two hours and sit for six hours in an eight-hour workday. (*Id.*) Plaintiff was found to have the ability to occasionally climb ramps and stairs, while never having the ability to climb ladders or kneel and crouch. (*Id.*) The ALJ also determined that Plaintiff could occasionally balance and stoop and was capable of occasional reaching overhead with both extremities while able to frequently handle with the right upper extremity. (*Id.*) Finally, the ALJ concluded that Plaintiff "must avoid" prolonged exposure to extreme cold and vibration, as well as limited exposure to hazards. (*Id.*) In considering Plaintiff's age, education, work experience, and RFC, the vocational expert found that Plaintiff could work as an eligibility worker or customer service representative. (R. at 32.) The ALJ considered the vocational

expert's testimony and concluded Plaintiff has not been disabled for the relevant period. (*Id.*)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Finally, the Court may not reverse an ALJ's decision on account of an error that is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step

three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.   DISCUSSION**

Plaintiff's sole argument is that the ALJ committed material error by rejecting her symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in the record. (Pl. Br. at 13.) She alleges the ALJ failed to "tie-in" the reasons for discounting her particular symptom testimony with the medical record. (*Id.* at 15–17.) In response, the Commissioner argues the ALJ did go into "great detail, with multiple citations to the record" of how Plaintiff's allegations of disability and severity of pain conflicted with the medical record. (Def. Br. at 14–15.)

Plaintiff alleges disability due to pain in her back and cervical spine, left knee, left shoulder, and hips. (*See* R. at 371, 384–92, 416, 427–35, 440.) Plaintiff testified at a hearing before the ALJ and alleged that she cannot walk for prolonged periods of time because of the severity of her pain. (R. at 54, 61.) She also contends that she requires the use of a cane to assist with her balancing issues. (R. at 54, 62.) Additionally, Plaintiff testified that she has issues with using her hands and requires frequent breaks when doing chores, often needing to lay down for about six to eight hours a day to relieve her pain. (R. at 52, 54–55, 58.) Plaintiff also testifies to use of a heating pad and back massager to ease muscle spasms and pain in her back and hips. (R. at 53, 58.)

Social Security regulations require ALJs to consider a claimant's statements about

their own symptoms when determining the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(3). When a claimant alleges subjective symptoms, the ALJ must perform a two-step analysis at step four to evaluate the claimant's testimony regarding pain and symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); 20 C.F.R. § 404.1529(c)(2)–(3). First, the ALJ evaluates whether the claimant has presented objective medical evidence of either an impairment or combination of impairments "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant satisfies step one by proffering such objective medical evidence and there is no evidence of malingering, then the ALJ must evaluate the claimant's statements in context of (1) the objective medical evidence and (2) other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)–(3). At this second step, the ALJ may then "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (internal quotation marks omitted) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This requirement is meant to prevent an ALJ from "arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958.

Although the "clear and convincing standard is the most demanding required in Social Security cases," *Garrison*, 759 F.3d at 1015 (internal quotation marks and citation omitted), the ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Rather, when evaluating the claimant's credibility, the ALJ may consider "inconsistencies either in claimant's testimony or between [her] testimony . . . and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas*, 278 F.3d at 958–59 (internal quotation marks omitted) (quoting *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)); *see also Lingenfelter*, 504 F.3d at 1040 n.11 (providing that although the ALJ cannot reject subjective pain testimony "simply because the alleged

severity of the pain or symptoms is not supported by objective medical evidence," the ALJ may consider "whether the alleged symptoms are consistent with the medical evidence"). Additionally, "medical reports of adequate pain control" through medication and treatment can indicate "conflicting evidence" before the ALJ, capable of serving as another basis to discount the severity of a claimant's symptoms. *See, e.g.*, *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) (internal quotation marks and citations omitted); *Lingenfelter*, 504 F.3d at 1040. If the district court finds that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court may not second-guess the ALJ's judgment, and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

Here, the ALJ properly discounted Plaintiff's subjective testimony for specific, clear, and convincing reasons as supported by substantial evidence. The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms, thus satisfying step one of the analysis. (R. at 28.) In considering step two, however, the ALJ determined Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record. (*Id.*) The ALJ discounted Plaintiff's symptom testimony for several reasons, including (1) that the testimony was unsupported by the objective medical evidence in the record and there were inconsistencies with Plaintiff's symptom testimony and the evidence in the record, and (2) evidence showing Plaintiff's pain is well controlled, as supported by her medication and medical treatment history. (*See* R. at 28–30.)

First, the ALJ determined that Plaintiff's allegations of the severity of her symptoms are inconsistent with the record as a whole. (R. at 28–29.) The ALJ made this determination by looking to materials within the objective record—including clinical findings, diagnostic studies, and treatment modalities. (*Id.*) The ALJ first considered Plaintiff's testimony related to her history of shoulder, knee, and back pain. (R. at 28.) The ALJ evaluated several different x-rays, nerve conduction studies, and magnetic resonance imaging. (R. at 28–29.) For example, x-rays showed "mild to moderate multilevel degenerative changes to

- 6 -

the cervical spine without evidence of acute osseous abnormality," "normal vertebral alignment," and other mild evidence and changes. (*See, e.g.*, R. at 760–64, 1410–12.) The ALJ concluded that although there are some abnormalities with Plaintiff's physical condition, "there is no evidence of any nerve root impingement, severe stenosis, progressive neurologic deficits, infections, tumors, or fractures to cause the severity of pain and limitations alleged." (R. at 29.) This shows that the ALJ did not merely propose a general finding without tying in medical record with the symptom testimony, as Plaintiff suggests. The ALJ looked at specific symptoms when making this determination and this can support a finding that the ALJ's decision is supported by substantial evidence. *See Lingenfelter*, 504 F.3d at 1040; *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Even if Plaintiff's claims related to her symptom testimony are susceptible to more than one rational interpretation, the Court must uphold the ALJ's decision because it is supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. [Courts] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

The ALJ also determined that clinical studies conflicted with Plaintiff's alleged disabling spine and joint paint. (*Id.* at 29.) Considering the entire record, the ALJ found that the "[c]linical findings are consistent with the RFC reached" and that her symptoms do "not establish limitations that would prevent sedentary work." (*Id.*) Analyzing Plaintiff's clinical examinations, the ALJ emphasized that all of her alleged impairments were "accounted for in [her] RFC [that] restrict[s] her to performing sedentary work," subject to further limitations. (R. at 29–30.) Although Plaintiff "continue[d] to allege disabling pain," the ALJ noted various occasions in which Plaintiff reported to her physical therapist that her pain was seemingly not as severe as that of "disabling pain" to properly "prevent sedentary work." (*See id.*) From medical evidence showing "milder" and "generalized tenderness" to testimonial evidence indicating that Plaintiff experienced "significant relief" to some of her impairments, (R. at 29), the ALJ discredited Plaintiff's

symptom testimony, in part, because of inconsistencies in the record. *See, e.g.*, *Thomas*, 278 F.3d at 958–59. Additionally, although Plaintiff contends that she requires the use of a cane, the ALJ noted an examination in September 2016—the month where Plaintiff alleges that she sustained her disability—that showed "her balance was normal and there was no evidence of knee weakness." (R. at 29.) For these reasons, the Court cannot accept Plaintiff's argument that the ALJ failed to "tie-in" particular reasons for discounting Plaintiff's symptom testimony with the medical record. (Pl. Br. at 15–17.) The Court therefore find the ALJ's reasoning is supported by substantial evidence. Even if the ALJ's analysis was "susceptible to more than one rational interpretation," this reason would still support finding that the ALJ provided adequately specific, clear, and convincing reasons to discount Plaintiff's symptom testimony. *See Thomas*, 278 F.3d at 954 (citations omitted).

Plaintiff contends that the ALJ made a "fundamental legal error" by requiring her to provide medical evidence of the severity of her symptoms. (Pl. Br. at 14–15.) The ALJ did note that Plaintiff's medical records failed to support the severity of the symptoms alleged. (R. at 28–29.) The ALJ thoroughly analyzed Plaintiff's medical record and determined that although the "objective reports are consistent with some abnormality of the claimant's spine, shoulder, hip and knee joints," no evidence demonstrates that Plaintiff's symptoms "cause the severity of pain and limitations alleged." (*Id.*) Plaintiff's argument is inapposite, however, when an ALJ analyzes objective medical evidence that contradicts with a plaintiff's testimony of the severity of her symptoms. *See Williams v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00136-PHX-JAT, 2020 WL 7123010, at *7 (D. Ariz. Dec. 4, 2020) ("Although Plaintiff need not *produce* evidence to corroborate the severity of her symptoms . . . when evidence that *is* produced contradicts with Plaintiff's symptom testimony, the ALJ can use it as a sufficient reason to reject the testimony.") (emphasis in original). Therefore, the ALJ did not commit any legal error when finding that the objective medical record contradicted Plaintiff's symptom testimony as to the severity of her symptoms. *See Everson v. Colvin*, 577 Fed. App'x. 743, 744 (9th Cir. 2014).

Finally, the ALJ's finding that Plaintiff's pain is well controlled, and in some instances improved, is another independent reason to affirm the ALJ's ruling. (R. at 30.) An ALJ may look to a claimant's treatment history and the use of medications and consider any improvement to their pain to discount their symptom testimony. *See, e.g.*, *Brown-Hunter*, 806 F.3d at 496; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling."); 20 C.F.R. § 404.1529(c)(3)(iv). The ALJ emphasized that "in recent treatment notes, [Plaintiff] consistently report[ed] to her pain management physician that her medications are controlling her pain reasonably well." (R. at 30.) The ALJ also dedicated two paragraphs to detailing Plaintiff's documented improvement in her pain through physical therapy, surgical and non-surgical treatments, injections, and medication. (*See, e.g.*, R. at 29–30, 470–71.) Relatedly, although Plaintiff argues that her medications only "take[] the edge off" and any improvements from her treatment history are mere instances of "isolated improvement[s]," the ALJ did point to the medical record various times to determine that her medications and treatment history were effective in "controlling her pain reasonably well." (R. at 30.) For example, medical records showed Plaintiff, in one instance, had "ninety percent pain reduction and improved range of motion of her left hip . . . [and] eighty percent relief of her cervical and lumbar pain." (*Id.*) Because the ALJ's finding that Plaintiff's medications and treatments are adequately controlling and relieving the severity of her symptoms is a "rational interpretation," this specific, clear, and convincing reason is sufficiently supported by substantial evidence. The Court cannot second-guess the ALJ's judgment in these circumstances where the ALJ has provided adequate reasoning. *See Thomas*, 278 F.3d at 954 (citations omitted); *Fair*, 885 F.2d at 604.

The ALJ has therefore provided specific, clear, and convincing reasons for discounting Plaintiff's subjective testimony. Accordingly, this Court will not second-guess the ALJ's decision and finds no reason to remand this case for benefits or further proceedings. *See, e.g.*, *Thomas*, 278 F.3d at 959.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the July 1, 2019 decision of the Administrative Law Judge (R. at 17–41).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 19th day of April, 2021.

Michael T. Liburdi
United States District Judge